Filed 10/4/16 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | E063389 |
| Plaintiff and Respondent, | (Super.Ct.No. FVI1402682) |
| v. | ORDER MODIFYING OPINION AND DENIAL OF PETITION FOR REHEARING |
| JAMES RUBIN VARNER | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

Appellant's petition for rehearing filed September 26, 2016, is denied. The opinion filed in this matter on September 15, 2016, is modified as follows:

1.      On page 4, footnote No. 2 is modified to read as follows:

"California Rules of Court, rule 8.1115(e)(1) was amended effective July 1, 2016, to provide as follows: "Pending review and filing of the Supreme Court's opinion, unless otherwise ordered by the Supreme Court under (3), a published opinion of a Court of Appeal in the matter has no binding or precedential effect, and may be cited for potentially persuasive value only. Any citation to the Court of Appeal opinion must also note the grant of review and any subsequent action by the Supreme Court. This only applies to cases granted review after July 1, 2016."

Except for this modification, the opinion remains unchanged. This modification does not effect a change in the judgment.

CERTIFIED FOR PUBLICATION

MILLER _____

J.

We concur:

HOLLENHORST _____

Acting P. J.

CODRINGTON _____

J.

Filed 9/15/16 (unmodified version)

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| THE PEOPLE, | |
| --- | --- |
| Plaintiff and Respondent, | E063389 |
| v. | (Super.Ct.No. FVI1402682) |
| JAMES RUBIN VARNER, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County. Miriam Ivy Morton, Affirmed.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

On November 4, 2014, the voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47). Proposition 47 reduced certain

1

nonserious, nonviolent felonies to misdemeanors. Proposition 47 allows a person convicted of a felony prior to its passage, who would have been guilty of a misdemeanor under Proposition 47, to petition the court to reduce his or her felony to a misdemeanor and be resentenced.

On July 28, 2014, prior to the passage of Proposition 47, defendant and appellant James Rubin Varner entered a guilty plea to a felony violation of receiving stolen property, specifically a 1986 Yamaha M300 motorcycle, within the meaning of Penal Code section 496d, subdivision (a).[1] Defendant filed a petition to recall his sentence (Petition) stating that his felony conviction should be reduced to a misdemeanor. The trial court denied his Petition on the grounds that his conviction was not eligible for resentencing under Proposition 47.

Defendant now claims on appeal the trial court erred by finding a violation of section 496d does not qualify for resentencing under Proposition 47 because (1) Proposition 47 redefines all theft-related offenses with the value of the property under $950 as misdemeanors; and (2) if this court finds section 496d was not affected by Proposition 47, the omission from Proposition 47 violated his equal protection rights under the state and federal Constitutions.

A conviction for receiving a stolen motor vehicle in violation of section 496d is not an eligible offense under Proposition 47. Defendant also has not shown an equal protection violation. We affirm the denial of the Petition.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

**FACTUAL AND PROCEDURAL HISTORY**

On July 18, 2014, defendant was charged in a felony complaint in San Bernardino County case No. FVI1402682 with one count of receiving a stolen motor vehicle within the meaning of section 496d, subdivision (a). Specifically, he was charged with unlawfully buying or receiving a "1986 Yam[aha] M300." In addition, he was charged with having served three prior prison terms within the meaning of section 667.5, subdivision (b).

On July 28, 2014, defendant signed a plea agreement agreeing to enter a guilty plea to a violation of section 496d, subdivision (a), receiving stolen property, a vehicle. In addition, he admitted having suffered one prior prison term. The trial court accepted the plea. Defendant was sentenced to three years felony probation and was ordered to serve the first 180 days in county jail. Defendant violated his probation and his sentence was modified on February 3, 2015. He received a sentence of 365 days in county jail.

On March 12, 2015, defendant filed his Petition. It consisted of one page. The sole information on his conviction that was provided to the trial court in the Petition was as follows: "Defendant in the above-entitled case requests that, pursuant to Penal Code section 1170.18, the following felony violation(s) PC496D be designated as misdemeanor(s)." He stated that he was in custody. The People filed a written response that section 496d was not included in Proposition 47. The matter was set for a hearing.

On April 17, 2015, the trial court heard the Petition. Defendant's counsel argued that section 496d was included in Proposition 47 and that the motorcycle, which defendant was in possession of, was valued at less than $950. Defendant's counsel stated

3

he had one of his investigators check into the value of the motorcycle. According to the National Auto Dealers Association, the value, if in good condition, was $765. The People responded that section 496d was not listed in Proposition 47. The trial court denied the Petition.

## DISCUSSION

Defendant contends the trial court erred in denying his petition because the voters intended to include section 496d under Proposition 47. Specifically, he claims that section 496d, although not listed in Proposition 47, was intended to be included under the catch-all provision of section 490.2. Defendant also contends that if this court concludes section 496d was not intended to be included in Proposition 47, his equal protection rights under the state and federal Constitutions have been violated.

These issues are currently under review before the California Supreme Court in *People v. Nichols* (2016) 244 Cal.App.4th 681 (review granted Apr. 20, 2016, S233055); *People v. Peacock* (2015) 242 Cal.App.4th 708 (review granted Feb. 17, 2016, S230948); and *People v. Garness* (2015) 241 Cal.App.4th 1370 (review granted Jan. 27, 2016, S231031.)[2]

---

[2] Both parties cite to these opinions in their briefs and rely on them. California Rules of Court, rule 8.1115(e)(1) was amended effective July 1, 2016, to provide as follows: "Pending review and filing of the Supreme Court's opinion, unless otherwise ordered by the Supreme Court under (3), a published opinion of a Court of Appeal in the matter has no binding or precedential effect, and may be cited for potentially persuasive value only. Any citation to the Court of Appeal opinion must also note the grant of review and any subsequent action by the Supreme Court." However, this only applies to cases published after July 1, 2016.

4

A.     PROPOSITION 47

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day."  (*People v. Diaz.* (2015) 238 Cal.App.4th 1323, 1328.)  "Proposition 47 'was intended to reduce penalties for "*certain* nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors." Those crimes were identified as "Grand Theft," "Shoplifting," "Receiving Stolen Property," "Writing Bad Checks," "Check Forgery," and "Drug Possession."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legis. Analyst[.])'"  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652, italics added.)

Section 1170.18, subdivision (a) provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Proposition 47 amended section 496, buying or receiving stolen property, to provide that if the defendant receives "any property" that is $950 or less, the offense shall be a misdemeanor except for some ineligible individuals.  (§ 496, subd. (a).)  The previous version of section 496 gave the prosecution discretion to charge the offense as a misdemeanor if the value of the property did not exceed $950 and the district attorney or grand jury determined that so charging would be in the interests of justice.  (Former § 496 [eff. Oct. 1, 2011–Nov. 4, 2014].)  Accordingly, Proposition 47 converted the

5

offense of receiving stolen property in section 496 from a wobbler to a misdemeanor.

Proposition 47 did not amend section 496d, the section under which defendant was convicted. Section 496d provides "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing," shall be convicted of either a misdemeanor or felony.

## B. ELIGIBILITY

As stated, section 496d is not listed in Proposition 47. In order to be eligible for resentencing, defendant had the burden of showing that he "would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 [defendant has the burden of establishing his or her eligibility for resentencing under Proposition 47].) "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571 (*Pearson*).)

6

Defendant stated in his Petition only that he had been convicted of "PC496D." The trial court determined that defendant was not eligible for resentencing. The trial court did not err because section 496d is not included in section 1170.18. Moreover, there is no indication that the drafters of Proposition 47 intended to include section 496d. Construing the plain language of section 1170.18 to include section 496d would be inconsistent with our Supreme Court's determination that we may not "add to the statute or rewrite it to conform to some assumed intent not apparent from that language." (*Pearson*, *supra*, 48 Cal.4th at p. 571.)

Defendant's reliance on the changes made by Proposition 47 to the crimes of grand theft and petty theft do not support that the drafters of Proposition 47 intended to include section 496d. Section 490.2, which was added by Proposition 47, provides a definition of petty theft that affects the definition of grand theft in section 487 and other provisions. Section 490.2 begins with the phrase: "Notwithstanding Section 487 or any other provision of law defining grand theft . . . ." (§ 490.2) Similarly, section 459.5, which was also added by Proposition 47, and which provides a definition of shoplifting that affects the definition of burglary in section 459, begins with the phrase: "Notwithstanding Section 459. . . ." (§ 459.5.) The drafters of Proposition 47 knew how to indicate when they intended to affect the punishment for an offense the proposition was not directly amending. This "notwithstanding" language is conspicuously absent from section 496, subdivision (a). Because that provision contains no reference to section 496d, we must assume the drafters intended section 496d to remain intact and intended for the prosecution to retain its discretion to charge section 496d offenses as

7

felonies. Additionally, Proposition 47 modified both section 496, receiving stolen property, and added section 490.2. If section 490.2 applied to receiving stolen property offenses, there would be no need to amend section 496. The trial court did not err by concluding defendant was ineligible for resentencing based on his conviction of section 496d.

C.    EQUAL PROTECTION

Defendant contends if his conviction of a felony for receiving a stolen vehicle valued at less than $950[3] does not qualify under Proposition 47, his equal protection rights were violated. Specifically, he contends that he is similarly situated to a person who received a stolen vehicle valued under $950 and was convicted under section 496, subdivision (a) prior to the passage of Proposition 47. He insists that person can seek resentencing under Proposition 47. However, since he was convicted of violating section 496d prior to the passage of Proposition 47, for the same conduct of receiving a stolen vehicle under the value of $950, he cannot seek resentencing. While he recognizes that it is not an equal protection violation to have overlapping criminal laws with different punishments, because the prosecutor has discretion to choose between these punishments, such reasoning only applies on a prospective basis not on a retrospective basis. Here, the prosecutor did not exercise such discretion in choosing to convict him under section 496d prior to the passage of Proposition 47.

---

[3] Defendant presented evidence in the trial court that the motorcycle taken was valued at $765. For purposes of this argument, we will assume the value of the motorcycle was less than $950.

"'The United States and California Constitutions entitle all persons to equal protection of the laws. [Citations.] This guarantee means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances." [Citation.] A litigant challenging a statute on equal protection grounds bears the threshold burden of showing "that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." [Citation.] Even if the challenger can show that the classification differently affects *similarly situated* groups, "[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest," the classification is upheld unless it bears no rational relationship to a legitimate state purpose.'" (*People v. Singh* (2011) 198 Cal.App.4th 364, 369.)

The California Supreme Court in *People v. Wilkinson* (2004) 33 Cal.4th 821, 838, stated that "[a] defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.'" Accordingly, the rational basis test is applicable to an equal protection challenge involving an alleged sentencing disparity. (*Ibid.*) It additionally found, "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*Ibid.*) Our Supreme Court also has applied the rational basis test to an alleged statutory disparity: "Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some

9

legitimate governmental purpose."'" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.) It also stated, "To mount a successful rational basis challenge, a party must '"negat[e] every conceivable basis"' that might support the disputed statutory disparity." (*Ibid*.) "If a plausible basis exists for the disparity, courts may not second-guess its '"wisdom, fairness, or logic."'" (*Ibid*.)

Defendant's claim is based on his insistence that prior to Proposition 47, a prosecutor, faced with a defendant in receipt of a stolen vehicle valued under $950, could choose to charge a defendant under section 496, subdivision (a) or section 496d. As indicated, *ante*, former section 496, subdivision (a) was a wobbler offense but additionally provided, "if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." (Former § 496, subd. (a).) Section 496 has remained the same penalizing the receipt of a stolen vehicle, no matter what the value, as a wobbler offense.

Defendant contends that after Proposition 47, a prosecutor certainly has the discretion to prosecute under either section 496, subdivision (a), for a vehicle valued under $950, or section 496d. He argues that since he was prosecuted prior to the passage of Proposition 47, the prosecutor did not exercise his or her discretion to punish him under section 496d instead. He insists the disparate retrospective treatment makes *People v. Wilkinson*, *supra*, inapplicable. However, prior to the passage of Proposition 47, and

10

after, section 666.5, subdivision (a) provides that a recidivist violator of certain statutes involving a motor vehicle, which includes section 496d, but not a misdemeanor violation of section 496, subdivision (a), was subject to enhanced penalties. Defendant's plea to a violation of section 496d prior to the passage of Proposition 47 subjected him to possible additional punishment that a plea to receiving stolen property would not have done. The prosecutor's decision to proceed under section 496d was not without discretion considering the differences between the two sections prior to Proposition 47.

Additionally, in *People v. Johnston* (2016) 247 Cal.App.4th 252 (review granted July 13, 2016, S235041) the defendant argued that Vehicle Code section 10851 should be found to be part of Proposition 47 even though it is not listed in the Proposition, and that it would be illogical for the electorate to punish petty theft of a $950 vehicle as a misdemeanor but punish the unlawful taking or driving of a $950 vehicle as a wobbler. The appellate court found the text of Penal Code section 1170.18 did not include Vehicle Code section 10851. It concluded that the plain language of Penal Code section 1170.18 included only a few provisions from a multitude of overlapping crimes. (*Johnson*, at pp. 257-258.) The defendant additionally argued that if Vehicle Code section 10851 was not included, the "dichotomy in punishment" results in a violation of equal protection principles. The court rejected the claim finding, ""[N]either the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one statute and not the other, violates equal protection principles.' [Citation.] Specifically, the disparity between the former punishment for 'grand theft auto' and unlawful taking or driving is not a basis for finding

11

a violation. [Citation.] Even if we assume the two categories of crimes are situated similarly, there is a rational basis for the distinction in treatment: The electorate was not obligated to extend relief under the initiative to all similar conduct. It could instead move in an incremental way, gauging the effects of this sea change in penal law. Particularly given the insignificant numbers of vehicle thefts at issue in light of the present vehicle prices, the electorate could conclude this would not work an injustice. Finally, the electorate could expect a prosecutor to exercise discretion to charge an unlawful taking or driving of a $950 vehicle as a misdemeanor." (*Id.* at pp. 258-259.)

In *People v. Acosta* (2015) 242 Cal.App.4th 521, the court rejected that defendant's car burglary conviction should be subject to reduction to a misdemeanor under Proposition 47. The defendant argued that in finding him ineligible, his equal protection rights were violated because a defendant convicted of grand theft of an automobile would be eligible for reduction of his offense under section 490.2. (*Acosta*, at pp. 527.) The appellate court first found, "'At bottom, the Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses.'" (*Ibid.*) It concluded, "We have no difficulty concluding that the electorate could rationally extend misdemeanor punishment to some nonviolent offenses but not to others, as a means of testing whether Proposition 47 has a positive or negative impact on the criminal justice system. 'Nothing compels the state "to choose between attacking every aspect of a problem or not attacking the problem at all." [Citation.] Far from having "to solve all related ills at once" [citation] the Legislature has "broad discretion" to proceed

12

in an incremental and uneven manner without necessarily engaging in arbitrary and unlawful discrimination.'" (*Id.* at pp. 527-528.)

While the California Supreme Court will ultimately decide the issue, it is reasonable to conclude here that there is no equal protection violation. After the passage of Proposition 47, while it is true a defendant convicted of receiving a stolen vehicle under section 496d cannot obtain relief after Proposition 47, while the same person prosecuted under section 496, subdivision (a) can obtain relief, such disparity does not constitute an equal protection violation. The electorate could consider that only an insignificant number of persons would be prosecuted under section 496d for a vehicle valued under $950. Most would be prosecuted under section 496, subdivision (a) if the "interests of justice" warranted conviction under that section. Moreover, the electorate could reasonably choose to include section 496, subdivision (a) violations but exclude, for now, violations of section 496d. Based on the foregoing, defendant has failed to show that the exclusion of section 496d from Proposition 47 violated his equal protection rights.[4]

---

[4] Defendant also contends in his opening brief that if this court found that section 496d was included in Proposition 47, remand for an evidentiary hearing on the value of the stolen motorcycle involved is required and that the People have the burden of proving the value of the motorcycle was over $950. However, we have concluded that defendant's section 496d conviction is not eligible for reclassification and resentencing under section 1170.18 in this case even if the actual value of the stolen motor vehicle was $950 or less.

## DISPOSITION

The trial court's order denying defendant's petition to recall his sentence is affirmed.

CERTIFIED FOR PUBLICATION


MILLER                                    
                                        J.


We concur:


HOLLENHORST                
                Acting P. J.


CODRINGTON              
                J.


14