Filed 10/15/19
See Concurring Opinion

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT KENNETH WEHR,<br><br>    Defendant and Appellant. | E070345<br><br>(Super.Ct.No. FWV17002975)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Dan W. Detienne, Judge. Affirmed in part, reversed in part.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

This case concerns a conflict between the general statute criminalizing receipt of stolen property, Penal Code section 496,[1] and the more specific statute criminalizing receipt of a stolen vehicle, section 496d. The Safe Neighborhoods and Schools Act (Proposition 47) amended section 496 so that receiving any stolen property worth $950 or less is a misdemeanor. (§ 496, subd. (a).) Receipt of a stolen vehicle is a so-called wobbler, or an offense that may be punished as either a felony or a misdemeanor. (§ 496d, subd. (a); *People v. Franco* (2018) 6 Cal.5th 433, 436.) We must determine which statute governs when a defendant receives a stolen vehicle worth $950 or less.

The defendant in this case, Robert Kenneth Wehr, was convicted of receiving a stolen vehicle under section 496d, subdivision (a). Before his sentencing, Wehr moved to designate his conviction a misdemeanor under Proposition 47. The trial court denied his motion and sentenced him to a total of nine years in state prison, including sentence enhancements.

Wehr challenges the court's denial of his motion. He argues that his offense is eligible for misdemeanor treatment under section 496 if the value of the stolen vehicle does not exceed $950. In *People v. Varner* (2016) 3 Cal.App.5th 360 (*Varner*), this court rejected a similar claim and held that a felony conviction for receipt of a stolen vehicle was categorically ineligible for misdemeanor treatment under Proposition 47.[2] (*Id.* at

---

[1] Further undesignated statutory references are to the Penal Code unless otherwise indicated.

[2] Our Supreme Court granted review of *Varner* and deferred further action pending consideration of a related issue in *People v. Romanowski*, S231405. (*People v. Varner*

pp. 366-367.) But since *Varner*, our Supreme Court has decided *People v. Page* (2017) 3 Cal.5th 1175 (*Page*). *Page* resolved an analogous conflict between the general petty theft statute enacted by Proposition 47 (§ 490.2) and a more specific preexisting statute criminalizing theft of a vehicle (Veh. Code, § 10851). (*Page*, *supra*, at pp. 1179-1180.) The *Page* court held that the general petty theft statute controls if the stolen vehicle is worth $950 or less. (*Id.* at pp. 1180, 1187.)

*Page* establishes that our reasoning in *Varner* was unsound, and we therefore decline to follow *Varner*. We agree with Wehr that, after the passage of Proposition 47, receipt of a stolen vehicle is eligible for misdemeanor treatment under section 496, assuming that the vehicle is worth $950 or less. We thus reverse his felony conviction for violating section 496d. On remand, the People may (1) accept reduction of this conviction to a misdemeanor, or (2) retry him for a felony violation of section 496d. We affirm the judgment in all other respects.

BACKGROUND

In July 2017, deputy sheriffs found Wehr in a stolen 1985 Dodge Prospector pickup truck. Wehr's backpack was in the truck and contained about 2.5 grams of

---

(2016) 210 Cal.Rptr.3d 15 [383 P.3d 1106].) The Court dismissed review of *Varner* after issuing its decision in *People v. Romanowski* (2017) 2 Cal.5th 903. (*People v. Varner* (2017) 221 Cal.Rptr.3d 257 [399 P.3d 643].) However, the Court has again granted review of the issues presented by *Varner* and this case. The Court is reviewing whether a felony conviction under section 496d is eligible for Proposition 47 relief in *People v. Orozco* (2018) 24 Cal.App.5th 667 (*Orozco*), review granted August 15, 2018, S249495. *Orozco* followed *Varner* and answered this question in the negative. (*Orozco*, at p. 674.) *People v. Williams* (2018) 23 Cal.App.5th 641 (*Williams*) came to the opposite conclusion. (*Id.* at pp. 649-651.) Our Supreme Court will thus resolve the split of authority.

methamphetamine.  He did not have a key to the truck and started it by "wiggling the ignition."  He said that someone had given him the truck to repair it, but he did not know the person's name, could not describe the person, and had no contact information for the person.  The record contains no evidence of the truck's value.

Wehr's trial took place in October 2017.  In addition to his conviction for receiving a stolen vehicle, the jury convicted him of possession of a controlled substance.  (Health & Saf. Code, § 11377.)  After a court trial, the court found true a prior strike allegation and five prior prison term allegations.

Wehr's sentencing occurred in March 2018.  At his sentencing hearing, the court referenced an email from defense counsel in which Wehr apparently moved to reduce his felony conviction for receiving a stolen vehicle to a misdemeanor.  The record does not contain this email or any written motion to this effect.  But according to the court's description of the email, Wehr was relying on *Page*, which our Supreme Court decided the month after his trial.  (*Page*, *supra*, 3 Cal.5th at p. 1175.)

Wehr argued that, under *Page*, the prosecution had the burden of proving that the stolen property was worth more than $950, and because there was no evidence of the value of the truck, the court had to reduce his felony conviction.  The trial court denied the motion, relying on this court's decision in *Varner*.

For possession of a controlled substance, a misdemeanor, the court sentenced Wehr to 306 days in jail and credited him with 306 days for time served.  Wehr's nine-year prison sentence consisted of the middle term of two years for receiving a stolen

4

vehicle, doubled to four years for the prior strike, plus five consecutive one-year terms for the five prison priors.

STANDARD OF REVIEW

Wehr's claim of error requires us to interpret various statutes and provisions of Proposition 47, so it presents questions of law that we review de novo. (*People v. Gonzales* (2018) 6 Cal.5th 44, 49.) "In construing the initiative, 'we apply the same principles that govern statutory construction.' [Citation.] As a law adopted by the voters, 'their intent governs.' [Citation.] In ascertaining that intent, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] This language is interpreted in the context of the statute as a whole, as well as the overall statutory scheme." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 423.) To the extent that the statutory language is ambiguous, we may glean the voters' intent from extrinsic sources like the uncodified text of Proposition 47 or the Legislative Analyst's statements in the voter guide. (*People v. Romanowski*, *supra*, 2 Cal.5th at pp. 909-910.)

DISCUSSION

I. *Proposition 47 Background*

Effective November 2014, Proposition 47 reduced certain theft- and drug-related offenses from felonies or wobblers to misdemeanors. (*People v. Valencia* (2017) 3 Cal.5th 347, 351.) The measure's stated purpose was "to ensure that prison spending is focused on violent and serious offenses" and "to maximize alternatives for nonserious, nonviolent crime." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) In uncodified sections of the measure, the voters directed that Proposition 47

5

be construed "broadly" and "liberally" to accomplish its purposes. (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 15, 18, p. 74; *Page*, *supra*, 3 Cal.5th at p. 1187.)

Proposition 47 amended section 496, which punishes "[e]very person who buys or receives any property that has been stolen." (§ 496, subd. (a).) Before Proposition 47, buying or receiving stolen property worth $950 or less was a wobbler. (Former § 496, as amended by Stats. 2011, ch. 15, § 372.) The measure redesignated the same offense a misdemeanor, except in the case of certain violent or serious recidivists.[3] (§ 496, subd. (a).)

Section 496d, the section under which Wehr was convicted, punishes buying or receiving certain types of stolen property, namely, vehicles, trailers, special construction equipment, or other vessels. (§ 496d, subd. (a).) Proposition 47 did not amend section 496d. The section makes receiving a stolen vehicle a wobbler without reference to the vehicle's value.[4] (§ 496d, subd. (a).)

---

[3]    Section 496 states in relevant part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . ." (§ 496, subd. (a).)

[4]    Section 496d states in relevant part: "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who

Proposition 47 also added a new section to the Penal Code, section 490.2, defining petty theft and making the offense a misdemeanor. Section 490.2 states that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2, subd. (a).) Like section 496, section 490.2 does not allow misdemeanor treatment in the case of certain violent or serious recidivists. (§ 490.2, subd. (a).)

While Proposition 47 operated prospectively upon its enactment, the measure also added sections to provide "retrospective relief . . . to persons who were serving, or who had already completed, felony sentences for offenses now redefined as misdemeanors." (*People v. Dehoyos* (2018) 4 Cal.5th 594, 598.) To that end, section 1170.18, subdivision (a), permits people who were serving felony sentences on the measure's effective date to petition for resentencing.

II. *The Page Decision*

Wehr's case concerns a conflict between the general statute criminalizing receipt of stolen property worth $950 or less (§ 496, subd. (a)) and the more specific statute criminalizing receipt of a stolen vehicle (§ 496d, subd. (a)). *Page* resolved a similar

---

conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle . . . knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both." (§ 496d, subd. (a).)

7

conflict between general and specific statutes—the general statute criminalizing theft of property worth $950 or less (§ 490.2, subd. (a)) and the more specific statute criminalizing theft of a vehicle (Veh. Code, § 10851, subd. (a)). Specifically, Vehicle Code section 10851 punishes "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof."[5] (Veh. Code, § 10851, subd. (a).)

Vehicle Code section 10851 was not added or amended by Proposition 47, and the provisions of Proposition 47 do not expressly refer to the section. Nevertheless, *Page* held that a Vehicle Code section 10851 conviction for taking a vehicle is eligible for Proposition 47 relief, assuming that the vehicle is worth $950 or less. (*Page*, *supra*, 3 Cal.5th at pp. 1180, 1183-1184.) This conclusion followed from a "straightforward reading of the statutory text." (*Id.* at p. 1187.) The court reasoned as follows: "By its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense. As noted, section 490.2, subdivision (a), mandates misdemeanor punishment for a defendant who 'obtain[ed] any property by theft' where the property is worth no more than $950. An automobile is personal property." (*Id.* at p. 1183.) Therefore, after Proposition 47, a defendant "'who obtains a car valued at less than $950 *by theft* must be charged with petty theft and may not be charged as a felon'" under Vehicle Code section 10851 or any other section. (*Page*, at p. 1183.)

---

[5]    The statute also punishes certain conduct that does not amount to theft, but *Page* was concerned only with the theft form of the offense. (*Page*, *supra*, 3 Cal.5th at pp. 1182-1183.)

8

III.  *Page's Application to Receipt of Stolen Property*

*Page*'s reasoning applies with equal force to the general receipt of stolen property statute.  Just as section 490.2 applies to obtaining *any* property by theft, section 496 applies to "buy[ing] or receiv[ing] *any* property that has been stolen."  (§ 496, subd. (a), italics added.)  And as *Page* teaches, a car qualifies as "'any property.'"  (*Page*, *supra*, 3 Cal.5th at p. 1183.)  Thus, receiving a stolen car valued at no more than $950 must be treated as a misdemeanor pursuant to section 496.

*Varner* concluded otherwise for reasons that *Page* now reveals as unsound.  We reexamine each of *Varner*'s reasons in turn.

A.  *The Absence of a "Notwithstanding" Clause*

First, *Varner* rejected any analogy between sections 490.2 and 496 on the basis of section 490.2's opening clause, which states that the definition of petty theft applies "[n]otwithstanding section 487 or any other provision of law defining grand theft." (§ 490.2, subd. (a).)  *Varner* found the absence of a similar opening clause in section 496 to be significant:  "The drafters of Proposition 47 knew how to indicate when they intended to affect the punishment for an offense the proposition was not directly amending.  This 'notwithstanding' language is conspicuously absent from section 496, subdivision (a).  Because that provision contains no reference to section 496d, we must assume the drafters intended section 496d to remain intact . . . ."  (*Varner*, *supra*, 3 Cal.App.5th at p. 367.)

*Page* shows that *Varner*'s reliance on the presence or absence of a "notwithstanding" clause was misplaced.  In *Page*, the Attorney General argued that

9

because (1) the "notwithstanding" clause in subdivision (a) of section 490.2 expressly applies only to "[s]ection 487 or any other provision of law defining grand theft," and (2) Vehicle Code section 10851 is not a provision of law defining grand theft and hence is not within the scope of the "notwithstanding" clause, it follows that (3) Vehicle Code section 10851 is unaffected by section 490.2. (*Page*, *supra*, 3 Cal.5th at p. 1186.)

The Supreme Court explained that even assuming Vehicle Code section 10851 does lie outside the scope of the "notwithstanding" clause, the argument still lacks merit. The Court reasoned that the "notwithstanding" clause "does not limit" the operation of the "central ameliorative provision" of section 490.2, subdivision (a), namely, the independent clause defining petty theft. (*Page*, *supra*, 3 Cal.5th at p. 1186.) "On the contrary: 'Omitting the opening clause does not alter the meaning of the remainder of the sentence; the independent clause containing the definition of petty theft stands on its own and means what it says—the act of "obtaining any property by theft where the value . . . does not exceed nine hundred fifty dollars ($950)" constitutes petty theft and must be charged as a misdemeanor.'" (*Ibid.*) Thus, the "notwithstanding" clause merely clarifies that statutes defining grand theft do not override the general definition of petty theft in subdivision (a) of section 490.2. But that general definition, on its own, still overrides contrary provisions in other statutes *not* defining grand theft, such as Vehicle Code section 10851. In this way, the result in *Page* would have been the same even if there were no "notwithstanding" clause in section 490.2, subdivision (a).

In addition and as an alternative ground for rejecting the Attorney General's argument, the Supreme Court concluded that the "notwithstanding" clause should be

10

interpreted as applying to Vehicle Code section 10851, at least in part. The Court found support for its interpretation in uncodified sections of Proposition 47 and the measure's legislative history. The Court observed that "two uncodified sections" of Proposition 47 express the voters' intention that the measure "be construed 'broadly' and 'liberally' to effectuate its purposes. (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 15, 18, p. 74.)" (*Page*, *supra*, 3 Cal.5th at p. 1187.) Moreover, "[i]n the voter guide to Proposition 47, the Legislative Analyst explained that under existing law, theft of property worth $950 or less could be charged as a felony 'if the crime involves the theft of certain property (such as cars).' (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.) Under the initiative, according to the analysis, such crimes would no longer be charged as grand theft 'solely because of the type of property involved.'" (*Page*, at p. 1187.) The Court accordingly reasoned that, to the extent section 490.2 is ambiguous, the words "'any other provision of law defining grand theft'" in the "notwithstanding" clause of section 490.2, subdivision (a), should be interpreted "as encompassing the theft offense made punishable by Vehicle Code section 10851." (*Page*, at p. 1187.)

*Page*'s reasoning applies straightforwardly here. The absence of a "notwithstanding" clause is not dispositive, just as the result in *Page* would have been the same even if there were no "notwithstanding" clause in subdivision (a) of section 490.2. Rather, the central ameliorative provision of section 496, subdivision (a), stands on its own and means what it says: "buy[ing] or receiv[ing] *any* property that has been stolen" "*shall* be a misdemeanor" "if the value of the property does not exceed nine hundred fifty

11

dollars ($950)." (§ 496, subd. (a), italics added.) Just as section 490.2's general definition of petty theft overrides contrary provisions in other statutes *on its own* (i.e., independent of the "notwithstanding" clause), section 496's misdemeanor treatment of receiving stolen property valued at $950 or less overrides contrary provisions in other statutes, even though section 496 contains no "notwithstanding" clause.

As in *Page*, Proposition 47's uncodified provisions and legislative history support that interpretation: Two uncodified provisions express the voters' intent that the measure be construed "broadly" and "liberally" to effectuate its purposes. (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 15, 18, p. 74.) And the Legislative Analyst explained in the voter guide that, after Proposition 47's passage, "receiving stolen property worth $950 or less would *always* be a misdemeanor." (Voter Information Guide, Gen. Elec., *supra*, Analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) The Analyst did not distinguish between receiving vehicles and receiving other types of property. Consistent with the voters' intent, our interpretation of section 496 as encompassing vehicles ensures that receiving stolen property is *always* a misdemeanor.

For all of these reasons, we conclude that *Page* compels rejection of *Varner*'s attempt to distinguish section 496 from section 490.2 on the basis of the presence or absence of a "notwithstanding" clause.

B. *The "Offenses Listed" Argument*

*Varner* also relied on Proposition 47's resentencing provision, section 1170.18, which lists sections "amended or added" by Proposition 47 and permits defendants to petition for resentencing "in accordance with" those sections. (§ 1170.18, subd. (a).)

12

Because section 496d is not listed, *Varner* concluded that the voters did not intend for Proposition 47 relief to apply to section 496d convictions. (*Varner*, *supra*, 3 Cal.App.5th at pp. 366-367.) The People advanced the same argument in *Page*: Vehicle Code section 10851 too is not listed in the resentencing provision. (*Page*, *supra*, 3 Cal.5th at p. 1184.)

*Page* rejected this argument for reasons that also apply here. The argument "misconceives the nature of the list in section 1170.18, subdivision (a). The statute does not say that only those defendants who were convicted under the listed sections are eligible for resentencing." (*Page*, *supra*, 3 Cal.5th at p. 1184.) Defendants convicted under Vehicle Code section 10851 may seek misdemeanor sentences "'in accordance with'" section 490.2, which is on the list. (*Ibid.*, quoting § 1170.18, subd. (a).) Likewise, defendants convicted under section 496d may seek resentencing under section 496, which is on the list. (§ 1170.18, subd. (a).) In other words, "[t]he list in section 1170.18, subdivision (a), was clearly not intended as a list of eligible conviction statutes, but rather as . . . a list of sections that, after Proposition 47, provide for misdemeanor punishments to which eligible defendants serving felony terms may be resentenced."[6] (*Page*, at p. 1185.)

---

[6] The defendants in *Varner* and *Page* had filed petitions for resentencing under section 1170.18. (*Page*, *supra*, 3 Cal.5th at p. 1181; *Varner*, *supra*, 3 Cal.App.5th at p. 364.) The resentencing provision does not apply to Wehr, because he committed his offense in 2017, well after the effective date of Proposition 47. He is thus entitled to the prospective relief offered by Proposition 47, and the retrospective remedy offered by section 1170.18 is not necessary in his case. (*People v. Lara* (2019) 6 Cal.5th 1128, 1133-1134 [defendants "who are tried or sentenced after the measure's effective date, are entitled to initial sentencing under Proposition 47, and need not invoke the resentencing

13

C. *The Distinction Between Theft of Property and Receipt of Stolen Property*

In reaching its holding, *Varner* also rejected the defendant's argument that receiving stolen property was a form of "obtaining . . . property by theft" within the meaning of section 490.2, subdivision (a), and therefore must be governed by that statute's misdemeanor treatment of theft of property worth $950 or less. *Varner* reasoned that the offense of stealing does not include the offense of receiving stolen property, and if it did, then there would have been no need to amend section 496. (*Varner*, *supra*, 3 Cal.App.5th at p. 367.)

That part of *Varner*'s reasoning is not undermined by *Page* and remains sound. It does not affect our analysis, however, because we do not conclude that receipt of stolen property is included within the definition of petty theft in section 490.2. Rather, applying *Page*'s reasoning, we hold that section 496's revised definition of misdemeanor receipt of stolen property encompasses receipt of stolen vehicles, which are a type of property.

D. *Conclusion*

We respect the principle of stare decisis, but it does not prohibit us from reconsidering a prior decision. (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9; see also *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1180 & fn. 9; *Eisen v. Tavangarian* (2019) 36 Cal.App.5th 626, 637.) For all of the foregoing reasons, we decline to follow *Varner* to the extent that it held felony convictions under section 496d are categorically ineligible for Proposition 47 relief.

procedure set out in section 1170.18"].) But it is still necessary for us to address this component of *Varner*'s reasoning, because it could affect interpretation of section 496.

*Page* has demonstrated the unsoundness of our reasoning in *Varner*. Consistent with *Page*, receipt of a stolen vehicle worth $950 or less must be treated as a misdemeanor under section 496.

IV. *Remedy on Remand*

Having concluded that Wehr's conviction is eligible for misdemeanor treatment under section 496, we must determine the proper remedy for the court's denial of his motion to reduce the conviction to a misdemeanor. Wehr contends that we should reverse the order denying his motion and remand for misdemeanor resentencing. The People contend that, assuming Wehr's conviction qualifies for Proposition 47 relief, we should remand and allow the People to either (1) accept a reduction of the conviction to a misdemeanor, or (2) retry Wehr for a felony violation of section 496d. We agree with the People.

Wehr received the stolen truck in 2017. That was after the effective date of Proposition 47, so his receipt of stolen property was punishable as a felony only if the value of the truck exceeded $950. (§ 496, subd. (a).) To obtain a felony conviction, the People had to prove as an element of the offense that the truck was worth more than $950. (See *People v. Gutierrez* (2018) 20 Cal.App.5th 847, 855 (*Gutierrez*) [after Proposition 47, the People were required to prove as an element of felony vehicle theft that the stolen car was worth more than $950].) It is undisputed that the People presented no evidence of the value of the truck. The court likewise did not instruct the jurors to decide whether the value of the truck exceeded $950. Wehr's felony conviction therefore cannot stand on this record.

15

But "we decline to fault either the trial court or the prosecutor for failing to correctly anticipate the outcome" of *Page* or our consequent departure from *Varner*. (*Gutierrez*, *supra*, 20 Cal.App.5th at p. 858.) *Varner* was good law at the time of Wehr's trial, and our Supreme Court did not decide *Page* until the month following Wehr's trial and conviction. Moreover, at the time of his trial, there was no published appellate court decision contradicting *Varner*'s holding.[7] And although our Supreme Court is now reviewing whether a felony conviction under section 496d is eligible for Proposition 47 relief, it did not grant review of the issue until 10 months after Wehr's trial. (See *Orozco*, *supra*, 24 Cal.App.5th at p. 667, review granted Aug. 15, 2018, S249495.) Given the state of the case law at the time of Wehr's trial, "[t]his is not an instance where either the court or the prosecutor misinterpreted or failed to follow established law." (*Gutierrez*, at p. 858.) Consequently, we reverse Wehr's felony conviction for receiving a stolen vehicle and remand for the People to either (1) accept reduction of the conviction to a misdemeanor or (2) retry the offense as a felony by producing evidence that the value of the truck exceeded $950.[8] (*Id.* at pp. 857-858, 863.)

*In re D.N.* (2018) 19 Cal.App.5th 898 declined to give the People a retrial option on remand, but that case is distinguishable. There, the juvenile court found that the minor

[7] *Williams*, decided seven months after Wehr's trial, is the first published decision to hold that a conviction under section 496d is eligible for Proposition 47 relief. (*Williams*, *supra*, 23 Cal.App.5th at pp. 644, 649-651.) We agree with the result in *Williams* but not the reasoning.

[8] In light of our reversal of Wehr's conviction, we need not reach his alternative argument that the disparate treatment of his offense violates his constitutional right to equal protection of the law.

16

had committed felony theft of a vehicle under Vehicle Code section 10851. (*In re D.N.*, *supra*, at p. 900.) Our Supreme Court decided *Page* approximately one year later. (*Page*, *supra*, 3 Cal.5th at p. 1175; *In re D.N.*, at p. 900.) On appeal, the court reduced the minor's felony adjudication to a misdemeanor because there was no evidence of the stolen vehicle's value. (*In re D.N.*, at pp. 902-904.) At the time of the minor's adjudication hearing, at least one Court of Appeal had held that convictions under Vehicle Code section 10851 were eligible for Proposition 47 relief, and the Supreme Court had granted review of the issue. (*In re D.N.*, at p. 903.) Under these circumstances, "[t]he People should have been well aware the value of the stolen vehicle was relevant to whether the offense was a felony. The People chose instead to gamble, and lost their bet, that the Supreme Court would find Vehicle Code section 10851 outside the ambit of Proposition 47 and [section] 490.2." (*Ibid.*) Because the People were on notice that the law had changed and required proof of the vehicle's value, to permit a retrial on the point would have violated double jeopardy. (*Ibid.*)

In Wehr's case, we cannot say that the People chose to gamble and lost. As we have discussed, the People were not on notice that the $950 threshold was pertinent to Wehr's trial. On the contrary, all signs at the time indicated that the vehicle's value was irrelevant. We therefore conclude that *In re D.N.'s* approach is not appropriate here.

### DISPOSITION

Wehr's felony conviction under section 496d (count 2) is reversed, and his sentence on that count is vacated. On remand, the People may accept a reduction of the conviction to a misdemeanor, in which case the court should resentence Wehr

17

accordingly.  Alternatively, the People may retry Wehr for a felony violation of section 496d, which requires proof that the stolen vehicle Wehr received was worth more than $950.  We affirm the judgment in all other respects.

CERTIFIED FOR PUBLICATION

MENETREZ
J.

I concur:

RAPHAEL
J.

18

[*People v. Wehr*, E070345]

       Slough, Acting P. J., Concurring.

       I agree with the majority's conclusion that the value threshold Proposition 47 explicitly added to Penal Code section 496 (the provision defining the general crime of receiving stolen property) applies to Penal Code[1] section 496d (the provision defining the specific crime of receiving a stolen vehicle). I write separately to address the Attorney General's argument that the absence of an opening clause in section 496 referencing section 496d compels the opposite conclusion. Because *People v. Varner* (2016) 3 Cal.App.5th 360 (*Varner*) relies on that argument to reach its conclusion Proposition 47's value threshold does not apply to section 496d and because this issue is currently before the California Supreme Court on review, I think it's important to explain why the argument is unpersuasive.

       As the Attorney General articulates the argument, the absence of an opening clause referring to the specific receiving stolen property provisions (like § 496d) indicates the voters did not intend the amendment of section 496 to affect section 496d. He points out that, in other places, Proposition 47 contains opening clauses indicating its provisions have broad effect. In *Varner*, a different panel of this court employed the same reasoning to conclude Proposition 47's amendment of section 496 did not affect the wobbler status of section 496d violations: "Section 490.2 begins with the phrase: 'Notwithstanding Section 487 or any other provision of law defining grand theft.' Similarly, section 459.5,

---

    **1** Unlabeled statutory citations refer to the Penal Code.

1

which was also added by Proposition 47, and which provides a definition of shoplifting that affects the definition of burglary in section 459, begins with the phrase: 'Notwithstanding Section 459.' The drafters of Proposition 47 knew how to indicate when they intended to affect the punishment for an offense the proposition was not directly amending. This 'notwithstanding' language is conspicuously absent from section 496, subdivision (a). Because that provision contains no reference to section 496d, we must assume the drafters intended section 496d to remain intact and intended for the prosecution to retain its discretion to charge section 496d offenses as felonies." (*Varner*, *supra*, 3 Cal.App.5th at p. 367.)

I don't share my colleagues' view that our Supreme Court's analysis of the opening clause in section 490.2 in *People v. Page* (2017) 3 Cal.5th 1175 (*Page*) applies with equal force to this case. (Maj. opn. *ante*, at p. 10.) In *Page*, the issue was not the absence of an opening clause, but the existence of one—specifically: how to interpret section 490.2's opening clause in relation to the central petty theft provision that followed it. The People argued the lack of any reference to Vehicle Code section 10851 in the opening clause (which referenced other grand theft provisions) showed that the voters did not intend section 490.2's central provision to indirectly amend or impact that provision. The *Page* Court rejected this argument, concluding that the opening clause was nonrestrictive and therefore did not change the meaning of the subsequent independent clause defining petty theft. (*Page*, at p. 1186.) The Court reasoned that section 490.2's "independent clause containing the definition of petty theft *stands on its own and means what it says*." (*Page*, at p. 1186, italics added.) While I agree with my colleagues that

this reasoning can also apply to section 496 because its mandate that receiving *any* property worth less than $950 *shall* be a misdemeanor stands on its own and means what it says, I do not think that reasoning ends the analysis. We still must address the Attorney General's contention that the *absence* of an opening clause demonstrates the voters did not intend to indirectly amend section 496d.

While it is true section 490.2 (defining petty theft) and section 459.5 (defining shoplifting) contain opening clauses referencing grand theft (in the case of petty theft) and burglary (in the case of shoplifting), I do not place as much import on the absence of a similar clause in section 496 as *Varner* and the Attorney General do. Our task is to interpret the amendment of section 496. In doing so, we start with the plain meaning of the amended statutory text, which is clear and broad—every person who receives any stolen property worth less than $950 shall be guilty of a misdemeanor. What is ambiguous about these clear terms is how they operate in conjunction with section 496d, which provides that receiving a stolen vehicle—with no reference to value—is a wobbler.

In the face of such an ambiguity, we turn to other indications of the voters' intent. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 423.) While cannons of interpretation teach us that the absence of an opening clause referring to specific receiving stolen property provisions can be viewed as an indication of intent, I think the ballot materials for Proposition 47 contain stronger evidence. The Voter Information Guide told the voters the initiative would amend the crime of receiving stolen property to make it "always" a misdemeanor if the "property" was worth less than $950. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Analysis of Prop. 47 by Legis. Analyst, p. 35.) In my view,

3

this is a more telling indication of intent than the lack of an opening clause, because it is more explicit and direct.  If the voters intended receiving a stolen car worth less than $950 to remain a wobbler, we would expect a qualification to that effect in the ballot materials.  Instead, the materials broadly pronounce that the receipt of stolen property worth less than $950 will *always* be a misdemeanor.

In addition, I think the structure of the receiving stolen property provisions in the Penal Code reveals a sound reason why sections 490.2 and 459.5 would contain opening clauses, and section 496 would not.  Proposition 47 added sections 490.2 and 459.5, in their entirety, to define the newly codified crimes of petty theft and shoplifting, respectively, and those newly defined offenses overlapped with existing codified offenses like grand theft, embezzlement, and theft under Vehicle Code section 10851 (in the case of petty theft), and burglary (in the case of shoplifting).  Because the new offenses did not bear an obvious relationship to the existing ones (and, in some cases, were located in different parts of the Penal Code or in a different code altogether), it makes sense the drafters would include an opening clause to communicate the relationship.  In other words, without an opening clause, there might have been confusion over the reach of the new definitions of petty theft and shoplifting.

There is no similar risk of confusion about the reach of section 496.  Proposition 47 did not add section 496 to the Penal Code, it amended section 496 to add a value threshold.  It is natural to read that amendment as applying to anyone who receives stolen property (whatever that property may be) worth less than $950, and thus it was unnecessary to add references to the other, more specific receiving stolen property

4

provisions that immediately succeed section 496 in the Penal Code—receiving stolen junk, metals or secondhand materials (§ 496a), secondhand books (§ 496b), real estate title information (§ 496c), vehicles (§ 496d), and secondhand scrap metal from certain public sources (§ 496e). Unlike the relationship between the new petty theft provision and the other types of theft or between the new shoplifting provision and burglary, the relationship between section 496 and the more specific receiving stolen property provisions is obvious. The latter are special cases of the former.

I think this structure makes the opening clause unnecessary; it is clear the broad language in section 496 applies to the special cases immediately following it. (See *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 ["we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness'"]; *People v. Valenzuela*, *supra*, 7 Cal.5th at p. 423 [we must interpret the relevant statutory language "in the context of the statute as a whole, as well as the overall statutory scheme"].) Before Proposition 47, all types of receiving stolen property—the general type and the specific type—were wobblers; after Proposition 47, all types of stolen property are subject to the $950-value threshold. I find it difficult to imagine that when the voters enacted Proposition 47 after being told the initiative would *always* punish receiving low-value property as a misdemeanor, they intended to treat vehicles, metals, books, etc., differently from other types of property. I also find it difficult to imagine the voters intended to treat theft and receiving stolen property differently—applying the value threshold broadly to all types of thefts, but to only certain types of receipt. The

5

more plausible interpretation is that the voters intended the value threshold to apply to all types of receiving stolen property, like it does to all thefts.

For these reasons, I am unpersuaded by the Attorney General's argument that the absence of an opening clause warrants a narrower reading of section 496. I agree with the reasons for departing from *Varner* stated in the majority opinion, and to those I would add one more. I think *Varner* was mistaken to ignore the other indications of the voters' intent and find the absence of an opening clause dispositive. (*Varner*, *supra*, 3 Cal.App.5th at p. 367 [holding that "because [the amendment to section 496] contains no reference to section 496d, *we must assume* the drafters intended section 496d to remain intact and intended for the prosecution to retain its discretion to charge section 496d offenses as felonies"], italics added.)

SLOUGH         
Acting P. J.

6