Filed 5/24/18; Certified for Publication 6/18/18 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067313 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN335521 ) |
| ERNEST OROZCO , | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Benjamin B. Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan

Beale, Kristen Kinnaird Chenelia, and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Ernest Orozco pled guilty to one count of unlawfully driving a vehicle of another without permission (Veh. Code, § 10851, subd. (a)), and one count of receiving a stolen vehicle (Pen. Code,[1] § 496d, subd. (a)). Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act of 2014, which among other things, established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (§ 1170.18.)

In a previous unpublished opinion, we affirmed the trial court's denial of Orozco's petition for resentencing under Proposition 47. (*People v. Orozco* (May 25, 2016, D067313) [nonpub. opn.].) In this opinion, at the direction of the California Supreme Court, we reconsider the matter in light of *People v. Page* (2017) 3 Cal.5th 1175 (*Page*). We affirm the trial court's order denying Orozco's petition without prejudice to consideration of a subsequent petition providing evidence of eligibility.

FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2014, the police pulled Orozco over and a routine license plate check showed the car Orozco was driving had been reported stolen. Orozco was the vehicle's sole occupant, the car's ignition was damaged, and it was running without a key. The police report listed the car's value at $301.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

After his arrest, Orozco pled guilty to one count of unlawfully driving a vehicle of another without permission (Veh. Code, § 10851, subd. (a)), and one count of receiving a stolen vehicle (§ 496d, subd. (a)). Orozco also admitted three prior convictions for violations of Vehicle Code section 10851, subdivision (a), and eight prison priors under section 667.5. His prior felony conviction under Vehicle Code section 10851 required him to be sentenced as a felon under section 666.5 for both of his present violations. (§ 666.5, subd. (a).)

After Orozco entered his guilty plea, California voters passed Proposition 47. Orozco then filed a petition under Proposition 47 to reduce the felonies to misdemeanors. The trial court denied Orozco's petition, finding Proposition 47 does not apply to section 496d and Vehicle Code section 10851, subdivision (a), and sentenced him to one year in prison with mandatory supervision for three years after his release. The trial court stayed the sentence for Orozco's section 496d violation under section 654. Orozco timely appealed the order.

In our previous opinion in this matter, we affirmed the trial court's order, concluding that the trial court correctly determined Orozco to be ineligible for relief under Proposition 47. (*People v. Orozco*, *supra*, D067313.) Orozco sought review in the California Supreme Court. The court issued a "grant and hold" order deferring further briefing pending its decision in *Page*. (See *People v. Orozco*, review granted Aug. 10, 2016, No. S235603.) On November 30, 2017, our high court issued its opinion in *Page*, *supra*, 3 Cal.5th 1175. On March 21, 2018, the Supreme Court transferred this case back to this court for reconsideration in light of *Page*.

3

DISCUSSION

I

*UNLAWFULLY DRIVING A VEHICLE OF ANOTHER WITHOUT PERMISSION*

Orozco asserts that the superior court erred when it denied his petition to reduce his felony under Vehicle Code section 10851, subdivision (a). Although we conclude the superior court did not err, as we explain below, Orozco is entitled to bring a new petition and establish his eligibility for relief under Proposition 47.

In *Page*, the California Supreme Court determined that "Proposition 47 makes some, though not all, [Vehicle Code] section 10851 defendants eligible for resentencing." (*Page*, *supra*, 3 Cal.5th at p. 1184.) Specifically, the court held that a Vehicle Code section 10851 conviction may be resentenced to a misdemeanor "if the vehicle was worth $950 or less and the sentence was imposed for theft of the vehicle." (*Page*, *supra*, at p. 1187; see *id*. at pp. 1184-1185 [similar eligibility criterion for resentencing and for redesignation after the sentence has been completed].)

Our high court explained that a person who has been convicted of grand theft is "clearly eligible" for resentencing under section 1170.18 if the value of the property taken was $950 or less. (*Page*, *supra*, 3 Cal.5th at p. 1182; see Pen. Code, § 490.2, subd. (a).) The court observed that "while Vehicle Code section 10851 does not expressly designate the offense as theft, the conduct it criminalizes includes theft of a vehicle. . . . And to the extent vehicle theft is punished as a felony under section 10851, it is, in effect, a form of grand, rather than petty, theft." (*Page*, *supra*, at pp. 1186-1187.)

4

The court further explained: "Theft . . . requires a taking with intent to steal the property—that is, the intent to permanently deprive the owner of its possession." (*Page*, *supra*, 3 Cal.5th at p. 1182.) " 'Unlawfully taking a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under [Vehicle Code] section 10851[, subdivision] (a) of unlawfully taking a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction. . . . On the other hand, unlawful driving of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete. . . . Therefore, a conviction under section 10851[, subdivision] (a) for posttheft driving is not a theft conviction. . . .' [Citation.] The same is true when a defendant acted with intent only to deprive the owner temporarily of possession. Regardless of whether the defendant drove or took the vehicle, he did not commit auto theft if he lacked the intent to steal. But if the defendant was convicted under Vehicle Code section 10851, subdivision (a), of unlawfully taking a vehicle with the intent to permanently deprive the owner of possession, he has, in fact, 'suffered a theft conviction.' " (*Page*, *supra*, at p. 1183; italics omitted.) Consequently, "[a] person convicted before Proposition 47's passage for vehicle theft under Vehicle Code section 10851 may . . . be resentenced under section 1170.18 if the person can show the vehicle was worth $950 or less." (*Page*, *supra*, at p. 1180.)

"A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility." (*Page*, *supra*, 3 Cal.5th at p. 1188.) If

5

the defendant fails to meet this burden, the trial court's order denying the petition must be affirmed, even if the trial court expressed a different reason for denying the petition. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 139.)  "[O]n appeal we are concerned with the correctness of the superior court's determination, not the correctness of its reasoning.  [Citation.]  ' "[W]e may affirm a trial court judgment on any [correct] basis presented by the record whether or not relied upon by the trial court." ' "  (*Ibid.*)

To establish eligibility for resentencing or redesignation for a Vehicle Code section 10851 conviction, the defendant must show that (1) the conviction was based on theft of the vehicle, rather than on posttheft driving or on a taking without the intent to permanently deprive the owner of possession, and (2) the vehicle was worth $950 or less. (*Page*, *supra*, 3 Cal.5th at p. 1188.)  In *Page*, the court found that the defendant's "uncounseled petition" was properly denied where it contained "no allegations, testimony, or record references to show either that his Vehicle Code section 10851 conviction rested on theft of the vehicle or that the vehicle's value was $950 or less." (*Page*, *supra*, at pp. 1180, 1189.)  The court determined, however, that the defendant was "entitled to an opportunity to file a new petition" because "the proper allocation of the burden of proof and the facts necessary to resentencing on a Vehicle Code section 10851 conviction were not set out expressly in the text of Proposition 47, and . . . neither had yet been judicially articulated when defendant submitted his petition." (*Page*, *supra*, at p. 1189.)  The court concluded that the trial court's order denying the defendant's petition should be "affirmed without prejudice to consideration of a petition providing evidence of his eligibility." (*Id*. at p. 1190.)

6

Here, like *Page*, Orozco's petition contained no allegations, testimony, or record references showing that (1) his Vehicle Code section 10851 conviction was based on the theft of the vehicle, and (2) the vehicle's value was $950 or less. Instead, Orozco asked the superior court to examine the record to determine whether the violation was a theft, and if the value of the subject vehicle was $950 or less. Therefore, the court properly denied Orozco's petition. (*Page*, *supra*, 3 Cal.5th at p. 1189.) However, because his petition was filed before "the proper allocation of the burden of proof and the facts necessary to resentencing on a Vehicle Code section 10851 conviction" were clearly established, Orozco is "entitled to an opportunity to file a new petition" to "allege and, where possible, provide evidence of the facts necessary to eligibility for resentencing under section 1170.18." (*Page*, *supra*, at p. 1189.)

II

*RECEIVING A STOLEN VEHICLE*

Additionally, Orozco contends the court should have reduced his violation of section 496d, subdivision (a) from a felony to a misdemeanor under section 1170.18. Section 496d is not among the statutes listed in section 1170.18, subdivision (a). Yet, Orozco argues this felony offense should have been reduced to a misdemeanor because a violation of section 496d, subdivision (a) is subject to the provisions of section 496, which is one of the enumerated statutes per section 1170.18, subdivision (a). Put differently, Orozco maintains that that the voters intended that all theft-related offenses be treated as misdemeanors where the value of the property is less than $950.

7

Similar arguments were rejected in *People v. Varner* (2016) 3 Cal.App.5th 360 (*Varner*).[2]  There, the court found "no indication that the drafters of Proposition 47 intended to include section 496d." (*Varner*, *supra*, at p. 366.)  The court distinguished "the changes made by Proposition 47 to the crimes of grand theft and petty theft," which were accomplished in part by the addition of section 490.2, which defines petty theft and references " 'any other provision of law defining grand theft.' " (*Varner*, *supra*, at p. 367.)  The court noted that no such broad language had been included in the changes made to section 496, subdivision (a), and that section 496, subdivision (a) "contains no reference to section 496d." (*Varner*, *supra*, at p. 367.)  This indicated that "the drafters [of Proposition 47] intended section 496d to remain intact and intended for the prosecution to retain its discretion to charge section 496d offenses as felonies." (*Varner, supra,* at p. 367.)  The court also rejected the notion that section 490.2 applied to receiving stolen property offenses, finding that if so, there would have been be "no need to amend section 496." (*Varner*, *supra*, at p. 367.)

We agree with *Varner, supra,* 3 Cal.App.5th 360 and adopt the court's analysis in that case here.  Also, we observe that nothing in *Page* alters that analysis.  In *Page*, *supra*, 3 Cal.5th 1175, the court interpreted section 490.2, subdivision (a), which specifically defines theft crimes, and there is no equivalent language in the receiving

_____

2      On November 22, 2016, the California Supreme Court granted review of *Varner* (No. S237679) and ordered further action deferred pending its decision in *People v. Romanowski* (2017) 2 Cal.5th 903 (*Romanowski*).  On August 9, 2017, after the *Romanowski* opinion was filed, the California Supreme Court dismissed review in *Varner*, leaving the case published.  (See Cal. Rules of Court, rule 8.1115(e).)

8

statutes.  The Supreme Court concluded that Proposition 47 applies to certain violations of Vehicle Code section 10851 because of the broad, preemptive language of section 490.2.  Yet, Proposition 47 did not enact similar language in the context of receiving stolen property.  Thus, *Page* does not provide support for Orozco's claim regarding section 496d, subdivision (a).

### DISPOSITION

The order is affirmed without prejudice to consideration of a new petition providing evidence of Orozco's eligibility for relief pursuant to Proposition 47 for his conviction under Vehicle Code section 10851.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.

9

Filed 6/18/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067313 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN335521 ) |
| ERNEST OROZCO , | |
| Defendant and Appellant. | |

THE COURT:

The opinion in this case filed May 24, 2018 was not certified for publication.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

HUFFMAN, Acting P. J.

Copies to: All parties