Filed 9/18/20  P. v. Russell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090723 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F00798) |
| v. | |
| TITENESHA RUSSELL, | |
| Defendant and Appellant. | |

Defendant Titenesha Russell appeals the trial court's denial of her petition for resentencing under Penal Code section 1170.95,[1] arguing the trial court failed to follow the proper procedure before denying her petition, including permitting her counsel to file a brief.  In a prior decision, we concluded the jury found defendant had the intent to kill, rendering her ineligible for relief under section 1170.95.  We therefore affirm.

### BACKGROUND

We summarized the relevant facts of this case in defendant's prior appeal (*People v. Curry* (2007) 158 Cal.App.4th 766 (*Curry*)):  "The four defendants, Tashara Boone,

---

[1]     Undesignated statutory references are to the Penal Code.

1

Terry Buford, Dwayne Michael Curry and [defendant] beat, robbed and kidnapped Buford's ex-girlfriend L.R. who was seven months pregnant with Buford's child. They were charged with six felonies: count one—attempted premeditated murder of 'Baby Doe,' a seven-month-old fetus ([ ]§§ 664, 187) with the special allegation that Boone, Curry and [defendant] personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)); count two—assault with a deadly weapon by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)) with the special allegation that Boone, Curry and [defendant] inflicted the injuries when they knew or should have known that the victim was pregnant and that the injuries terminated the pregnancy ([former] § 12022.9, subd. (a)); count three—second degree robbery (§ 211); count four—kidnapping to commit robbery or 'aggravated kidnapping' (§ 209, subd. (b)(1)); count five—attempted robbery (§§ 664, 211); and count six—conspiracy to murder a human fetus (§§ 182, subd. (a)(1), 187, subd. (a))." (*Curry, supra*, at pp. 771-772.)

"The jury convicted the three defendants on all counts, except it found [defendant] not guilty of robbery and Curry not guilty of conspiracy. It found true all the special allegations except the allegation that Curry acted with premeditation in attempting to murder the fetus." (*Curry, supra*, 158 Cal.App.4th at p. 772.) The court sentenced defendant "to life in prison for aggravated kidnapping and a consecutive term of 25 years to life for conspiracy to commit murder. It stayed sentence on the remaining counts pursuant to section 654." (*Ibid.*)

Defendant appealed, challenging, among other issues, the given voluntary intoxication jury instruction. (*Curry, supra*, 158 Cal.App.4th at pp. 784-785.) The instruction stated the jury could " 'not consider evidence of intoxication in deciding whether attempted murder is a natural and probable consequence of felony assault.' " (*Id*. at p. 785.) Defendant argued it was unfair that the intoxication defense was unavailable to her when she did not know the perpetrators intended to kill. (*Id*. at p. 786.)

2

On this issue we found, in part, any instructional error was not prejudicial to defendant because, "[i]n finding [defendant] guilty of attempted murder, the jury found true the allegation that she acted with premeditation and personally used a deadly and dangerous weapon. . . . The jury also found both Curry and [defendant] guilty of assault and found true the allegation that they personally inflicted great bodily injury upon L.R., when they knew or should have known L.R. was pregnant. These findings demonstrate that the jury (1) rejected defendants' voluntary intoxication claims and (2) found Curry and [defendant] guilty as perpetrators." (*Curry, supra*, 158 Cal.App.4th at p. 789.)

Defendant also challenged the premeditation instruction for attempted premeditated murder on the basis that "these instructions improperly 'allowed [the] jurors to attach a premeditation finding to [her] attempted murder charge, even if they explicitly found she did not personally premeditate, exposing her to a sentence of life without parole . . . .' " (*Curry, supra*, 158 Cal.App.4th at p. 791.) We found this misread the instruction because the jury had to find "the defendant 'share[d] the intent to kill.' A jury could not make a true finding on the special allegation on premeditation if it determined that [defendant] only intended to aid and abet a perpetrator in felony assault without harboring the intent to kill L.R.'s unborn child." (*Ibid*.) We found any instructional error here also harmless because "[t]he jury convicted [defendant] of conspiracy to commit murder in addition to premeditated attempted murder. In finding [defendant] guilty of conspiracy to commit murder, the jury necessarily found that she premeditated and deliberated the murder of L.R.'s unborn child. (See *People v. Cortez* (1998) 18 Cal.4th 1223, 1232 ['The mental state required for conviction of conspiracy to commit murder necessarily establishes premeditation and deliberation of the target offense of murder' (italics omitted)].)" (*Id.* at p. 792.) We noted the "record provide[d] overwhelming support for the jury's findings" on this issue. (*Ibid*.)

On January 9, 2019, defendant filed a petition for dismissal and resentencing under section 1170.95. The petition alleged defendant was eligible for relief because she

3

was charged with "felony murder or murder under the natural and probable consequences doctrine," she "was convicted of first degree or second degree murder," and she could not now "be convicted of first or second degree murder." The trial court appointed defendant counsel.

The district attorney submitted a letter brief arguing against resentencing on the basis defendant was convicted of attempted murder and reserved the right to file additional briefing. Defendant's counsel sought a stay of proceedings until the Court of Appeal, Second Appellate District, decided another case dealing with section 1170.95. Several months later, the district attorney filed a motion to dismiss defendant's petition, arguing that Senate Bill No. 1437 (Senate Bill 1437) (2017-2018 Reg. Sess.)—the bill that amended sections 188 and 189 and added section 1170.95—was unconstitutional and defendant could not make a prima facie case for relief because she was convicted of attempted murder.

The day after the district attorney filed her motion to dismiss, and without soliciting a responsive brief from defendant's counsel, the court denied defendant's petition in a five-page order. Relying on *Curry*, the court determined defendant had been convicted of a variety of crimes, including attempted murder, but not first or second degree murder. The court found, under *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175, that section 1170.95 does not apply to attempted murder convictions. Therefore defendant was not convicted of any crime for which section 1170.95 provides relief and she had failed to state a prima facie claim for relief. The order made no mention of the district attorney's motion.

DISCUSSION

Defendant contends the court violated section 1170.95 by denying her petition before permitting her counsel to respond to the district attorney's brief. She further asserts that the trial court erred in finding that attempted murder convictions are not eligible for relief under section 1170.95.

Senate Bill 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 (2017-2018 Reg. Sess.) also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subsection (c) of section 1170.95 provides, in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served." (§ 1170.95, subd. (c).)

We concluded in the prior *Curry* appeal that the jury found defendant had the intent to kill, both through premeditation as a perpetrator of attempted murder, and in finding her guilty of conspiracy to commit murder. These conclusions are law of the case and are binding. (*Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1106.) Defendant's intent to kill renders her ineligible for relief under Senate Bill 1437

5

(see §§ 189, subd. (e)(2), 1170.95, subd. (a)(3)), thus, any alleged error in not allowing her counsel to respond to the district attorney's motion to dismiss was harmless beyond a reasonable doubt. (See *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].) Defendant also argues the attempted murder jury instructions permitted her to be "convicted of premeditated attempted murder even if she neither directly committed attempted murder nor personally premeditated." We rejected this argument in *Curry*, and reject it again here. Defendant also does not dispute that she also was convicted of conspiracy to murder a fetus, but contends the trial court did not reject her petition on this basis and we "should rule on the reasoning actually given by the trial court." This is incorrect—we are concerned with the correctness of the trial court's determination, not its reasoning. (*People v. Orozco* (2018) 24 Cal.App.5th 667, 672-673.) Thus, even if section 1170.95 applied to attempted murder convictions and the trial court was required to do more before denying the petition, we conclude this error also would have been harmless.[2]

DISPOSITION

The judgment is affirmed.

    KRAUSE        , J.

We concur:

    ROBIE        , Acting P. J.

    MAURO        , J.

---

[2] In light of our conclusion, we need not reach defendant's arguments regarding the interpretation of section 1170.95 and whether it applies to attempted murder because any error was harmless beyond a reasonable doubt.