Filed 12/8/21  21st Mortgage v. Aegis Ins. Security CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| 21ST MORTGAGE CORPORATION, | B308468 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19CHCV00157) |
| v. | |
| AEGIS INSURANCE SECURITY COMPANY, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles, County, Melvin D. Sandvig, Judge.  Affirmed.

The Dreyfuss Firm and Lawrence J. Dreyfuss for Plaintiff and Appellant.

Murchison & Cumming, Edmund G. Farrell and Christy Gargalis for Defendant and Respondent.

_____

Plaintiff and appellant 21st Mortgage Corporation (21st Mortgage) appeals the judgment in favor of defendant and respondent Aegis Insurance Security Company (Aegis) based on the trial court's order granting summary judgment against 21st Mortgage on its sole remaining cause of action against Aegis, for breach of written contract. The trial court granted summary judgment on the basis that the one-year statute of limitations on fire insurance policy actions mandated by Insurance Code section 2071,[1] which was an included term in the insurance policy at issue, had expired before 21st Mortgage initiated the lawsuit.

On appeal, 21st Mortgage argues that its claim was not barred by the limitations period because, prior to the expiration of the one-year statute of limitations, Assembly Bill No. 2594 ((2017–2018 Reg. Sess.) (Stats. 2018, ch. 639, §§ 1–2) (Assembly Bill 2594)) amended section 2071 to impose a mandatory two-year statute of limitations for fire loss related to a state of emergency, which applies to 21st Mortgage's claim for total loss of a manufactured home in the Creek Fire. 21st Mortgage further argues that there is a material issue of disputed fact regarding the actual cash value of the home, an issue that the trial court did not reach.

We affirm the trial court's order granting summary judgment. The plain language of amended section 2071, subdivision (d)(1), states that its provisions "govern a policy originated or renewed on or after the effective date of this act," and it is undisputed that the policy originated prior to September 21, 2018, when Assembly Bill 2594 became effective. Because we affirm the trial court's order on this basis, we need not address

---

[1] All further statutory references are to the Insurance Code unless otherwise indicated.

the issue of whether the parties' disagreement regarding the actual cash value of the home creates a triable issue of fact that would survive summary judgment.

## FACTS AND PROCEDURAL HISTORY

The majority of the facts are undisputed. In 2017, Inocente and Ivonne Salinas owned a manufactured home in Sylmar and obtained a loan from 21st Mortgage secured by the home. In the course of underwriting the loan, 21st Mortgage obtained an appraisal conservatively valuing the home at $123,250.

Aegis issued a $125,000 insurance policy on the home to the Salinases with a coverage period of May 25, 2017, through May 25, 2018. 21st Mortgage was identified as the lienholder on the policy. As relevant here, the policy provided that in the event of a covered loss, if the manufactured home was not repaired or replaced, Aegis would pay the lowest of (1) the actual cash value of the manufactured home before the loss, (2) the difference between the actual cash value immediately before the loss and the actual cash value immediately after the loss, (3) the cost to repair the manufactured home, (4) the cost to replace the manufactured home with a manufactured home of like value, or (5) the amount of insurance shown on the Declarations Page.

The manufactured home was completely destroyed in the Creek Fire on December 5, 2017. On the same day, the governor of California declared a state of emergency due to the Creek and Rye Fires.

The Salinases submitted a claim to Aegis for their loss on December 5, 2017. On December 15, 2017, an adjuster for Aegis inspected the house and "observed the dwelling, other structures

3

and personal property to be a total loss due to the nearby wildfire." Aegis prepared an estimate that identified the replacement cost value on the property as $129,995.32 ($4,495.32 over the policy limit of $125,000). Aegis determined the actual cash value of the property to be $62,071.66, the total recoverable depreciation to be $63,428.34, and the net claim (less a $500 deductible) to be $61,571.66.[2] On December 29, 2017, Aegis informed the Salinases that it had requested checks in the amount of $61,571.66, on which 21st Century might be listed as payee and advised the Salinases that any suit on the policy must be brought within one year of the loss. Aegis issued a check payable to the Salinases and 21st Mortgage on the same day. On January 23, 2018, Aegis informed the Salinases that it would be closing the claim as all known exposures had been resolved. Aegis again advised that any suit against it must be brought within one year.

In June of 2018, the Salinases contacted Aegis to request another check in the amount of $61,571.66, because the check they sent to 21st Mortgage had gotten lost. In August of 2018, 21st Mortgage contacted Aegis to inquire as to why Aegis had paid only $61,571.66. Aegis provided 21st Mortgage with the estimate for the loss. It advised 21st Mortgage that the policy included replacement cost coverage but that depreciation was only recoverable once repair and/or replacement of the home had been completed. Aegis informed 21st Mortgage that the insured had one year from the initial payment to recover the withheld

---

[2] 21st Mortgage disputes the actual cash value of the property, which its appraiser estimated to be in excess of $120,000 at the time of the fire, but does not dispute that Aegis advised the Salinases as stated.

depreciation. In September of 2018, 21st Mortgage informed Aegis that the home would not be replaced.

On February 27, 2019, 21st Mortgage, as lienholder and an additional named insured, filed the complaint in the instant matter against the Salinases and Aegis, alleging four causes of action. 21st Mortgage sought declaratory relief against Aegis in the first cause of action and claimed breach of written contract in fourth cause of action.[3] On April 30, 2019, 21st Mortgage filed a first amended complaint asserting the same causes of action against Aegis. With respect to the fourth cause of action, 21st Mortgage alleged that Aegis was required to pay the full replacement cost of the home but refused to do so. Additionally, the purported cash value that Aegis paid was less than the actual cash value of the home.

On June 11, 2019, Aegis demurred to the first amended complaint. The demurrer was sustained without leave to amend as to the first cause of action for declaratory relief. On July 17, 2019, Aegis answered the remaining fourth cause of action of the first amended complaint for breach of the written insurance contract and asserted the statute of limitations as an affirmative defense.

On January 22, 2020, Aegis moved for summary judgment on the fourth cause of action. As relevant here, Aegis argued that 21st Mortgage's claim was barred by the statute of limitations. The one-year limitations provision was a mandatory term of the policy pursuant to sections 2070 and 2071, and has been held

---

[3] The second and third causes of action for waste and breach of written contract were asserted solely against the Salinases, who are not parties to this appeal.

5

valid and enforceable. Absent tolling or estoppel, nothing more than the passage of time must be shown to bar an action. California tolls the limitation period from the date that the insured files a claim until the insurance provider closes the claim. The claim was closed on either January 23 or January 26, 2018. Accordingly, the limitations period began to run on January 26, 2018 at the latest and expired by January 26, 2019, prior to 21st Mortgage filing the lawsuit on February 27, 2019. 21st Mortgage's claim was therefore barred.

21st Mortgage opposed the summary judgment motion on March 24, 2020. 21st Mortgage argued that its claims were not barred by the one-year statute of limitations, because the applicable statute was section 2051.5. Section 2051.5 provides that under a policy that requires payment of the replacement cost for a loss, the policy may not set a time limit of less than 12 months from the date of the first payment. However, in the event of a loss relating to a state of emergency, as in the instant case, the time limit may not be less than 36 months.

Following additional discovery, 21st Mortgage filed a supplemental memorandum of points and authorities in opposition on July 1, 2020. 21st Mortgage argued that, if the applicable statute was instead section 2071, the claim still was not barred, because an amendment to section 2071 provides that where a state of emergency has been declared the time to bring suit is extended to 24 months after inception of the loss. The home was completely destroyed in the Creek Fire on December 5, 2017, and the governor of California had declared a state of emergency that same day due to the fire. Thus, the 24-month extension applied. 21st Mortgage anticipated that Aegis would argue that the amendments to section 2071 became effective on

6

September 21, 2018, after the fire occurred on December 5, 2017, and therefore did not apply. 21st Mortgage argued that the amendment became effective approximately four months before the limitations period ended in late January of 2019, and therefore applied to the claim. Under California law, a new statute that enlarges the statutory limitations period applies to all actions that are not already barred by the statute of limitations. 21st Mortgage would only be time-barred if the limitations period had expired before the legislation took effect on September 21, 2018. The lawsuit was timely filed within the two-year limitation period.

Aegis replied on July 9, 2020. Aegis argued that 21st Mortgage was relying on cases involving the personal injury statute of limitations, which do not apply to the statute of limitations for a written insurance policy. Aegis asserted that the amendments to sections 2051.5 and 2071 applied "prospectively" only; statutes are not to be given retrospective operation in the absence of clear legislative intent. Here, there was no express language in the Insurance Code indicating that the statutes were to be applied retroactively, so they should be applied prospectively only. 21st Mortgage's assertion that an amended statute applies if the statute of limitations has not run at the time of the loss relied on cases involving personal injury, not applicable in the insurance context. The applicable statute of limitations was the one in place before the amendments to the Insurance Code.

Following a hearing on the matter, the court granted the motion for summary judgment. The court found that the applicable statute was section 2071 and not 2051.5, as the insureds did not intend to replace the home. The statute in effect

7

at the time that the policy was entered into provided for a one-year statute of limitations.  In general, a statute applies retroactively only if it expressly states that it does.  As the amended version of section 2071 containing the 24-month extension of the statute of limitations did not state that the statute applies retroactively, it did not apply to the policy.  The cases relied upon by 21st Mortgage involved personal injury and did not apply in the insurance context.  The action was barred by the one-year statute of limitations.

21st Mortgage timely appealed.

## DISCUSSION

### *Standard of Review*

A defendant may be entitled to summary judgment when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subd. (c); *Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347 (*Hampton*).)  To meet its initial burden, a defendant moving for summary judgment must show "one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action."  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).)  If the defendant makes this showing, the burden shifts to plaintiff to produce admissible evidence showing a triable issue of material fact exists.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, *supra*, at p. 850.)  """The plaintiff . . . may not rely upon the mere allegations or denials of its pleadings . . .

but, instead, shall set forth the specific facts showing that a triable issue of material fact exists . . . ." ([Code Civ. Proc., § 437c], subd. (o)(2); [citations].)' [Citations.]" (*Andrews v. Foster Wheeler LLC* (2006) 138 Cal.App.4th 96, 101, fn. omitted.)

We review de novo the trial court's grant of summary judgment. (*Hampton*, *supra*, 62 Cal.4th at p. 347; *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286.) We take the facts from the record that was before the trial court and consider all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained. (Code Civ. Proc., § 437c, subd. (c); *Hampton*, *supra*, 62 Cal.4th at p. 347.) "We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037; accord, *Hampton*, *supra*, 62 Cal.4th at p. 347.)

*Analysis*

On appeal, the sole issue that we need to consider to resolve this matter is whether the amendments made to section 2071, which would extend the limitations period to 24 months and thereby render 21st Mortgage's claim timely, are applicable to the insurance policy.[4]

---

[4] 21st Mortgage concedes on appeal that "Section 2071 appears to be the applicable Insurance Code section," and abandons the argument initially made to the trial court that the governing statute is section 2051.5. 21st Century apparently now agrees with the argument made below by Aegis, that section

9

"The expiration of the applicable statute of limitations is [a] complete defense.  [Citations.]"  (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 965.)  Section 2070 mandates that "[a]ll fire policies on subject matter in California shall be on the standard form" in section 2071.  No additions or omissions are permitted unless favorable to the insured.  (*Ibid*.)  Prior to 2019, the standard form for fire policies included the following limitation clause:  "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."  In 2018, following multiple devastating fires throughout the state, the governor signed Assembly Bill 2594, urgency legislation that added the following exception to the limitation clause:  "If the loss is related to a state of emergency, as defined in subdivision (b) of Section 8558 of the Government Code, the time limit to bring suit is extended to 24 months after inception of the loss."  Assembly Bill 2594 also amended section 2071 to include the following provision:  "The amendments to this section made by the act [Assembly Bill 2594] adding this subdivision govern a policy originated or renewed on or after the effective date of this act."  (§ 2071, subd. (d)(1), fn. omitted.)  These amendments became effective on September 21, 2018.

When interpreting a statute, "[w]e first consider the words of the statute[], as statutory language is generally the most reliable indicator of legislation's intended purpose."  (*McHugh v. Protective Life Insurance Company* (2021) 12 Cal.5th 213, 227.)

---

2051.5 would only apply if the home had been replaced, which it was not here.

10

"'If the language is unambiguous, the plain meaning controls.' [Citation.]" (*People v. Leiva* (2013) 56 Cal.4th 498, 506.)

Here, although the trial court went beyond the plain language of the statute to determine that it was not retroactive and did not apply to 21st Mortgage's claim, we need not address retroactivity in the insurance context, as the plain language of section 2071 resolves the issue.[5] (See *People v. Orozco* (2018) 24 Cal.App.5th 667, 673 ["'''[W]e may affirm a trial court judgment on any [correct] basis presented by the record whether or not relied upon by the trial court'''''"].)

21st Mortgage conceded that the insurance policy on the Salinases' home covered the period from May 25, 2017, through May 25, 2018. It necessarily follows that the policy could not have originated later than May 25, 2017. It is not alleged that the policy was renewed after Assembly Bill 2594 became effective on September 21, 2018. Accordingly, pursuant to section 2071, subdivision (d)(1)'s requirement that the amendments govern only policies originated or renewed on or after September 21, 2018, the date Assembly Bill 2594 became effective, 21st Mortgage's claim is time-barred.

---

[5] Although it is unnecessary to look beyond the language of the statute to discern legislative intent, we note that the Legislature clearly expressed that the emergency legislation was intended to aid the victims of *future* fires and was thus prospective. (See Assem. Bill No. 2594 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 639, §4 ["In order to provide protections, at the earliest possible time, for victims of future wildfires, it is necessary that this act take effect immediately"]).)

## DISPOSITION

We affirm the trial court's order granting Aegis's motion for summary judgment.  The parties are to bear their own costs on appeal.


MOOR, J.


We concur:


RUBIN, P.J.


KIM, J.